MAYER, BROWN, ROWE & MAW LLP
IAN N FEINBERG (SBN 88324)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060
Email: ifeinberg@mayerbrownrowe.com

*Of Counsel*:

PEPPER HAMILTON LLP
W. Joseph Melnik (to be admitted *Pro Hac Vice*)
John C. Hansberry (to be admitted *Pro Hac Vice*)
One Mellon Center
500 Grant Street, 50th Floor
Pittsburgh, PA 15219
Telephone: (412) 454-5000
Facsimile: (412) 281-0717
Email: melnikj@pepperlaw.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FUSIONARC, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>SOLIDUS NETWORKS, INC., a Delaware corporation doing business in California as PAY BY TOUCH<br><br>Defendant. | Case No. C06-CV-06760 RMW (RS)<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant, Solidus Networks, Inc. d/b/a "Pay By Touch" ("Solidus") hereby states as follows for its Answer, Affirmative Defenses and Counterclaims:

## ANSWER

### Jurisdiction and Venue

1. Solidus admits that this Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

2. Solidus admits that venue is proper in this Court under the provisions of 28 U.S.C. §1391(b), (c) and 28 U.S.C. §1400(b).

### Intradistrict Assignment

3. Solidus admits that this is a patent infringement action subject to district wide assignment under Civ. L.R. 3-2(c). Solidus denies that the events stated in FusionArc's complaint gives rise to any cause of action

### The Parties

4. Solidus admits that the United States Patent Office issued Patent No. 6,928,546 ("the '546 Patent") on August 9, 2005, and that Complaint, Exhibit A appears to be a true and correct copy of the '546 Patent. Solidus is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 4, and on that ground denies each and every remaining averment.

5. Solidus admits that it is a Delaware corporation with a principle place of business at 101 Second Street, Suite 1100, San Francisco, California 94105 and that Solidus has done business in California under the name "Pay By Touch." Solidus denies the remaining averments of paragraph 5.

### General Allegations

6. Solidus admits that Samir H. Nanavati and Rajkumar H. Nanavati are listed as the named inventors on the face of the '546 Patent. Solidus is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 6, and on that ground denies each and every remaining averment.

7. Solidus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7, and on that ground denies each and every averment.

8. Solidus admits that it received a letter from FusionArc dated October 5, 2006. The remaining averments of paragraph 8 are denied.

**First Cause of Action – Patent Infringement**

9. Solidus incorporates the averments of the preceding paragraphs, as if fully set forth herein.

10. Solidus admits that the United States Patent Office issued the '546 Patent on August 9, 2005.

11. The averments of paragraph 11 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 11.

12. The averments of paragraph 12 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 12.

13. The averments of paragraph 13 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 13.

14. The averments of paragraph 14 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 14.

15. The averments of paragraph 15 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 15.

**AFFIRMATIVE DEFENSES**

Further answering the Complaint of FusionArc and as additional defenses thereto, Solidus asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

**First Affirmative Defense**

16. Solidus has not infringed, directly or indirectly, any valid claim of the ‘546 Patent.

**Second Affirmative Defense**

17. The claims of the ’546 Patent are invalid for failure to meet one or more of the requirements for patentability set forth in 35 U.S.C. §100, *et seq.*, including but not limited to §§101, 102, 103 and/or 112.

**Third Affirmative Defense**

18. Plaintiff is estopped from asserting the claims of the ’546 Patent against Solidus.

**Fourth Affirmative Defense**

19. The purported claims for relief set forth in the Complaint are barred by the doctrine of laches.

**Fifth Affirmative Defense**

20. The damages sought by Plaintiff are barred, in whole or in part, by the failure to comply with the requirements of 35 U.S.C. §287.

**Sixth Affirmative Defense**

21. The ’546 Patent is unenforceable.

**Seventh Affirmative Defense**

22. Plaintiff has failed to join necessary and indispensable parties.

**Eighth Affirmative Defense**

23. The Complaint fails to state a claim against Solidus upon which relief can be granted.

**COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Solidus Networks, Inc. d/b/a Pay By Touch (“Solidus”) for its Counterclaims against Plaintiff and Counterclaim-Defendant FusionArc, Inc. avers as follows:

**Nature of the Action**

1. This is an action for a declaration of patent non-infringement and patent invalidity under the Declaratory Judgment Act, 28 U.S.C. §§2201, *et seq*. and the patent laws of the United States, 35 U.S.C. §1, *et seq*.

**The Parties**

2. Solidus is a Delaware corporation with its principal place of business at 101 Second Street, Suite 1100, San Francisco, California 94105.

3. On information and belief, FusionArc is a Delaware corporation, and the owner of U.S. Patent No. 6,928,546 issued on August 9, 2005 (hereinafter "the '546 Patent") entitled *"Identification Verification Method Using a Central Biometric Authority."*

**Jurisdiction**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1332, 1338(a), 1367, 2201 and 2202 and 15 U.S.C. §1121.

5. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because this suit was filed in this district by Counter-Defendant and Counter-Defendant is found in this district.

6. An immediate, real, and justiciable controversy exists between Solidus and FusionArc with respect to validity and infringement of FusionArc's asserted patent.

**First Counterclaim for Relief**

**(Non-Infringement of the '546 Patent)**

7. Solidus incorporates the averments of the preceding paragraphs, as if fully set forth herein.

8. Solidus has not infringed, either directly or indirectly, any valid and enforceable claim of the '546 Patent.

**Second Counterclaim for Relief**

**(Invalidity of the '546 Patent)**

9. Solidus incorporates the averments of the preceding paragraphs, as if fully set forth herein.

10. Upon information and belief, each claim of the ’546 Patent is invalid for non-compliance with the Patent Act, 35 U.S.C. §101, *et seq.*, including but not limited to 35 U.S.C. §102 as lacking novelty; 35 U.S.C. §103 because the differences between the subject matter claimed and the prior art such that the claimed invention would have been obvious, at the time the invention was made, to a person having ordinary skill in the art to which the subject matter pertains; and for failure to comply with the requirements of 35 U.S.C. §112.

## PRAYER FOR RELIEF

Wherefore, Solidus prays for entry of judgment:

(1) dismissing FusionArc’s Complaint with prejudice;

(2) ordering that FusionArc take nothing by way of its Complaint;

(3) declaring that the ’546 Patent has not been infringed by Solidus;

(4) declaring that each claim of the ’546 Patent is invalid;

(5) declaring that this case is exceptional pursuant to 35 U.S.C. §285, and awarding Solidus its reasonable attorneys' fees, expenses and costs incurred in this action; and awarding to Solidus such other and further relief as may be just and proper.

December 6, 2006

**MAYER BROWN ROWE & MAW LLP**

/s/__________________________
IAN N FEINBERG
For Defendant Solidus Networks, Inc. d/b/a Pay By Touch

*Of Counsel:*

**PEPPER HAMILTON LLP**
W. Joseph Melnik (To Be Admitted *Pro Hac Vice)*
John C. Hansberry (To Be Admitted *Pro Hac Vice)*

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Solidus Networks, Inc. d/b/a Pay By Touch, hereby demands a trial by jury for all issues so triable in this action.

December 6, 2006

**MAYER BROWN ROWE & MAW LLP**

/s/______________________________
IAN N FEINBERG
For Defendant Solidus Networks, Inc. d/b/a Pay By Touch

*Of Counsel:*

**PEPPER HAMILTON LLP**
W. Joseph Melnik (To Be Admitted *Pro Hac Vice)*
John C. Hansberry (To Be Admitted *Pro Hac Vice)*

44031333.1

**CERTIFICATION OF INTERESTED PARTIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

December 6, 2006

**MAYER BROWN ROWE & MAW LLP**

/s/
IAN N FEINBERG
For Defendant Solidus Networks, Inc. d/b/a Pay By Touch

*Of Counsel:*

**PEPPER HAMILTON LLP**
W. Joseph Melnik (To Be Admitted *Pro Hac Vice)*
John C. Hansberry (To Be Admitted *Pro Hac Vice)*