MAYER, BROWN, ROWE & MAW LLP
IAN N. FEINBERG (SBN 88324)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060
Email: ifeinberg@mayerbrownrowe.com

*Of Counsel*:

PEPPER HAMILTON LLP
W. Joseph Melnik (to be admitted *Pro Hac Vice*)
John C. Hansberry (to be admitted *Pro Hac Vice*)
One Mellon Center
500 Grant Street, 50th Floor
Pittsburgh, PA 15219
Telephone: (412) 454-5000
Facsimile: (412) 281-0717
Email: melnikj@pepperlaw.com
hansberj@pepperlaw.com

Attorneys for Defendant
SOLIDUS NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FUSIONARC, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOLIDUS NETWORKS, INC., a Delaware corporation doing business in California as PAY BY TOUCH,<br><br>Defendant. | Case No. C06-CV-06760 RMW (RS)<br><br>**AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

**AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant, Solidus Networks, Inc. d/b/a "Pay By Touch" ("Solidus") hereby states as follows for its Amended Answer, Affirmative Defenses and Counterclaims:

**ANSWER**

**Jurisdiction and Venue**

1. Solidus admits that this Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

2. Solidus admits that venue is proper in this Court under the provisions of 28 U.S.C. §1391(b), (c) and 28 U.S.C. §1400(b).

**Intradistrict Assignment**

3. Solidus admits that this is a patent infringement action subject to district wide assignment under Civ. L.R. 3-2(c). Solidus denies that the events stated in FusionArc's complaint gives rise to any cause of action.

**The Parties**

4. Solidus admits that the United States Patent Office ("Patent Office") issued Patent No. 6,928,546 ("the '546 Patent") on August 9, 2005, and that Complaint, Exhibit A appears to be a true and correct copy of the '546 Patent. Solidus is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 4, and on that ground denies each and every remaining averment.

5. Solidus admits that it is a Delaware corporation with a principal place of business at 101 Second Street, Suite 1100, San Francisco, California 94105 and that Solidus has done business in California under the name "Pay By Touch." Solidus denies the remaining averments of paragraph 5.

**General Allegations**

6. Solidus admits that Samir H. Nanavati and Rajkumar H. Nanavati are listed as the named inventors on the face of the '546 Patent. Solidus is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 6, and on that ground denies each and every remaining averment.

7. Solidus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7, and on that ground denies each and every averment.

8. Solidus admits that it received a letter from FusionArc dated October 5, 2006. The remaining averments of paragraph 8 are denied.

**First Cause of Action – Patent Infringement**

9. Solidus incorporates the averments of the preceding paragraphs, as if fully set forth herein.

10. Solidus admits that the Patent Office issued the '546 Patent on August 9, 2005.

11. The averments of paragraph 11 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 11.

12. The averments of paragraph 12 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 12.

13. The averments of paragraph 13 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 13.

14. The averments of paragraph 14 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 14.

15. The averments of paragraph 15 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 15.

**AFFIRMATIVE DEFENSES**

Further answering the Complaint of FusionArc and as additional defenses thereto, Solidus asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

**First Affirmative Defense**

16. Solidus has not infringed, directly or indirectly, any valid claim of the '546 Patent.

**Second Affirmative Defense**

17. The claims of the '546 Patent are invalid for failure to meet one or more of the requirements for patentability set forth in 35 U.S.C. §100, et seq., including but not limited to §§101, 102, 103 and/or 112.

**Third Affirmative Defense**

18. Plaintiff is estopped from asserting the claims of the '546 Patent against Solidus.

**Fourth Affirmative Defense**

19. The purported claims for relief set forth in the Complaint are barred by the doctrine of laches.

**Fifth Affirmative Defense**

20. The damages sought by Plaintiff are barred, in whole or in part, by the failure to comply with the requirements of 35 U.S.C. §287.

**Sixth Affirmative Defense**

21. The '546 Patent is unenforceable.

**Seventh Affirmative Defense**

22. Plaintiff has failed to join necessary and indispensable parties.

**Eighth Affirmative Defense**

23. The Complaint fails to state a claim against Solidus upon which relief can be granted.

**Ninth Affirmative Defense**

24. The '546 patent is unenforceable at least because the named inventors on the '546 patent failed to disclose to the Patent Office all non-cumulative, material prior art of which they were aware during the prosecution of the '546 patent.

25. On May 14, 1999, the inventors filed with the Patent Office an application which was assigned serial number 09/311,928 ("the '928 Application") and which subsequently issued as the '546 patent. The '928 Application claimed priority to a provisional patent application

previously filed on May 14, 1998.

26. The inventors named in the ‘928 Application, and each individual associated with the filing and prosecution of the application, had a continuing duty to disclose all information they were aware of that was material to the patentability of the inventions being claimed in the ‘928 Application and which was not merely cumulative over the prior art already before the Patent Office. The conduct of each person appearing before the Patent Office is governed by 37 C.F.R. § 1.56, which requires that:

> “[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section…”

27. More specifically, this duty of candor to the Patent Office was owed by (1) the purported inventors of the ‘546 patent (Samir H. Nanavati and Rajkumar H. Nanavati), (2) each attorney or agent who prepared or prosecuted the ‘928 Application, including at least Shahan Islam, Samson Helfgott, Harris Wolin, and Thomas J. Bean, and (3) every person who was substantively involved in the preparation or prosecution of the ‘928 Application and who was associated with the inventor, with the assignee, or with anyone to whom there is an obligation to assign the application.

28. Upon information and belief, during the prosecution of the ‘928 Application neither the inventors nor any other individual owing a duty of candor under 37 C.F.R. § 1.56 disclosed to the Patent Office any prior art or other information material to the patentability of the claims of ‘928 Application.

29. Upon information and belief, prior to and throughout the prosecution of the ‘928 Application, the inventors were actively involved in the review of available biometric products and systems and, as a result, became knowledgeable of the companies, individuals and intellectual property that exists in the field of biometrically-based transactions. For example,

upon information and belief, the inventors are partners in a consulting firm known as International Biometric Group ("IBG") that has operated in the field of biometrics and has extensively evaluated numerous products and systems in use in the biometrics industry, including but not limited to commercial systems developed by Solidus' predecessor companies. At least through their role in IBG, the inventors had knowledge of many instances of public use and/or prior art publications, that were material to the patentability of the '928 Application and that the inventors were under an obligation to disclose to the Patent Office during the prosecution of the application. The inventors and other individuals associated with the filing and prosecution of the '928 Application failed to satisfy this obligation.

30. The inventors were aware during the prosecution of the '928 Application that Solidus, and its predecesors-in-interest had developed and publicly used commercial systems and had acquired numerous issued U.S. Patents that were material to the patentability of the inventions claimed in the '928 Application ("the Indivos Prior Art"). For example, in 2002, IBG entered into a Mutual Non-Disclosure Agreement with Indivos Corporation, which is now a wholly-owned subsidiary of Solidus. The Mutual Non-Disclosure Agreement was signed by Rajkumar Nanavati on or about March 28, 2002, one of the inventors named in the '928 Application, and was for the express purpose of "assessing a mutual business relationship." Upon information and belief, the inventors named in the '928 Application acquired knowledge of Indivos' systems and commercial products that had been in public use since prior to May 14, 1998 as well as the Indivos Prior Art.

31. In addition, at least as early as July, 2005, the inventors had an in-person meeting with Solidus personnel and were advised and again made aware of the Indivos Prior Art owned by Solidus' subsidiary Indivos Corporation including but not limited to U.S. Patent Nos. 5,613,012, 5,870,723, and 6,366,682. Each of these patents qualified as prior art to the claims of the '928 Application and during the prosecution of the '928 Application would have been, and remain to this day, material to the patentability of such claims.

32. In spite of the inventors' knowledge of the Indivos Prior Art, and the fact that obligations under 37 C.F.R. § 1.56 applied to the inventors throughout the entirety of the

prosecution of the ‘928 Application, at no time was this material brought to the attention of the Patent Office. In fact, neither the inventors nor any of the other persons associated with the filing or prosecution of the ‘928 Application brought any prior art to the attention of the Patent Office. As a result of this violation of 37 C.F.R. § 1.56, the Patent Office did not have the benefit of these prior art references.

33. Furthermore, the Patent Office examiner (“Examiner”) having located U.S. Patent Publication No. 2002/0174067 to Hoffman, et al.(hereinafter “Published Hoffman Application”) as a reference on the “Notices of References Cited”, PTO Form 892, did not cure the violation of 37 C.F.R. § 1.56. As determined by the Examiner, the ‘928 Application was examined under the version of 35 U.S.C. 102(e) that was effective prior to the American Inventors Protection Act of 1999 (“AIPA”). As a result, published applications such as the Published Hoffman Application did not qualify as prior art.

34. Because the Published Hoffman Application is not prior art under the pre-AIPA rules, there was no prior art of record in the prosecution of the ‘928 Application that disclosed any of the Indivos Prior Art of which the inventors had knowledge of various points in time during the prosecution of the ‘928 Application.

35. The inventors did not satisfy their duty to disclose all information of which they were aware, and that was more material than, and not merely cumulative over, the prior art already before the Patent Office and therefore breached their duty to disclose under 37 C.F.R. § 1.56. As a result of this breach of the duty, each of the claims of the ‘546 patent are unenforceable.

## <u>COUNTERCLAIMS</u>

Defendant and Counterclaim-Plaintiff Solidus Networks, Inc. d/b/a Pay By Touch (“Solidus”) for its Counterclaims against Plaintiff and Counterclaim Defendant FusionArc, Inc. avers as follows:

### <u>Nature of the Action</u>

1. This is an action for a declaration of patent non-infringement and patent invalidity under the Declaratory Judgment Act, 28 U.S.C. §2201, et seq. and the patent laws of the United States, 35 U.S.C. §1, et seq.

**The Parties**

2. Solidus is a Delaware corporation with its principal place of business at 101 Second Street, Suite 1100, San Francisco, California 94105.

3. On information and belief, FusionArc is a Delaware corporation, and the owner of U.S. Patent No. 6,928,546 issued on August 9, 2005 (hereinafter "the '546 Patent") entitled "Identification Verification Method Using a Central Biometric Authority."

**Jurisdiction**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331, 1332, 1338(a), 1367, 2201 and 2202 and 15 U.S.C. §1121.

5. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because this suit was filed in this district by Counter-Defendant and Counter-Defendant is found in this district.

6. An immediate, real, and justiciable controversy exists between Solidus and FusionArc with respect to validity and infringement of FusionArc's asserted patent.

**First Counterclaim for Relief**

**(Non-Infringement of the '546 Patent)**

7. Solidus incorporates the averments of the preceding paragraphs, as if fully set forth herein.

8. Solidus has not infringed, either directly or indirectly, any valid and enforceable claim of the '546 Patent.

**Second Counterclaim for Relief**

**(Invalidity of the '546 Patent)**

9. Solidus incorporates the averments of the preceding paragraphs, as if fully set forth herein.

10. Upon information and belief, each claim of the '546 Patent is invalid for non-compliance with the Patent Act, 35 U.S.C. §101, et seq., including but not limited to 35 U.S.C. §102 as lacking novelty; 35 U.S.C. §103 because the differences between the subject matter claimed and the prior art such that the claimed invention would have been obvious, at the time the

invention was made, to a person having ordinary skill in the art to which the subject matter pertains; and for failure to comply with the requirements of 35 U.S.C. §112.

**Third Counterclaim for Relief**

**(Unenforceability of the ‘546 Patent)**

11. Solidus incorporates the averments of the preceding paragraphs, as if fully set forth herein.

12. Each of the claims of the ‘546 Patent are unenforceable due to the inequitable conduct during the prosecution of the ‘928 Application as set forth with respect to the 9th Affirmative Defense, paragraphs 24-35, each of which are incorporated herein by reference as if fully rewritten at length herein.

**PRAYER FOR RELIEF**

Wherefore, Solidus prays for entry of judgment:

(1) dismissing FusionArc’s Complaint with prejudice;

(2) ordering that FusionArc take nothing by way of its Complaint;

(3) declaring that the ‘546 Patent has not been infringed by Solidus;

(4) declaring that each claim of the ‘546 Patent is invalid;

(5) declaring the each claim of the ‘546 Patent is unenforceable; and

(6) declaring that this case is exceptional pursuant to 35 U.S.C. §285, and awarding Solidus its reasonable attorneys’ fees, expenses and costs incurred in this action.

DATED: December 21, 2006 **MAYER BROWN ROWE & MAW LLP**

/s/

IAN N. FEINBERG
For Defendant Solidus Networks, Inc. d/b/a Pay By Touch

Of Counsel:

W. Joseph Melnik (Admitted Pro Hac Vice)
John C. Hansberry (Admitted Pro Hac Vice)

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Solidus Networks, Inc. d/b/a/ Pay By Touch hereby demands a trial by jury for all issues so triable in this action.

DATED: December 21, 2006

**MAYER BROWN ROWE & MAW LLP**

/s/

IAN N. FEINBERG
For Defendant Solidus Networks, Inc. d/b/a
Pay By Touch

Of Counsel:

W. Joseph Melnik (Admitted Pro Hac Vice)
John C. Hansberry (Admitted Pro Hac Vice)

**CERTIFICATION OF INTERESTED PARTIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED: December 21, 2006

**MAYER BROWN ROWE & MAW LLP**

/s/
IAN N. FEINBERG
For Defendant Solidus Networks, Inc. d/b/a Pay By Touch

Of Counsel:

W. Joseph Melnik (Admitted Pro Hac Vice)
John C. Hansberry (Admitted Pro Hac Vice)