MAYER, BROWN, ROWE & MAW LLP
BRANDON BAUM (SBN 121318)
JOSEPH MELNIK (admitted *pro hac vice*)
JOSHUA M. MASUR (SBN 203510)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone:    (650) 331-2000
Facsimile:     (650) 331-2060
Email:           jmelnik@mayerbrownrowe.com
                    bbaum@mayerbrownrowe.com
                    jmasur@mayerbrownrowe.com

Attorneys For Defendant
SOLIDUS NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

## SAN JOSE DIVISION

| | |
|---|---|
| FUSIONARC, INC., a Delaware corporation,<br><br>     Plaintiff<br><br>     v.<br><br>SOLIDUS NETWORKS, INC., a Delaware corporation doing business in California as PAY BY TOUCH<br><br>     Defendant. | Case No. C06-CV-06760 RMW (RS)<br><br>**DECLARATION OF JOSHUA M. MASUR IN SUPPORT OF DEFENDANT SOLIDUS NETWORKS, INC.'S MOTION TO STRIKE PLAINTIFF FUSIONARC, INC.'S INITIAL DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS**<br><br>Date:    April 4, 2007<br>Time:   9:30 a.m.<br>Judge:  Magistrate Judge Richard Seeborg<br>Courtroom 4, 5th Floor |

I, Joshua M. Masur, hereby declare:

1. I am an attorney admitted to practice in the state of California and before this Court. I am an associate with the law firm of Mayer, Brown, Rowe & Maw LLP, counsel for Defendant Solidus Networks, Inc. ("Solidus") in the above-titled action. I make this declaration in support of Solidus' Motion to Strike Plaintiff FusionArc, Inc.'s ("FusionArc's") Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions ("Motion" to strike

-1-

**MASUR DECL. I/S/O MOT. TO STRIKE PRELIMINARY INFRINGEMENT CONTENTIONS**
44033151.1

"Preliminary Infringement Contentions" or "PICs"), filed herewith. I make this declaration based on my own personal knowledge, and could and would testify competently hereto.

2.  A true and correct copy of FusionArc's Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions ("PICs"), which were served on February 26, 2007, is attached hereto as Exhibit A.

3.  A true and correct copy of FusionArc's Rule 26 disclosures, which were served on February 9, 2007, is attached hereto as Exhibit B. A true and correct copy of FusionArc's amended Rule 26 disclosures, which were served on March 2, 2007, is attached hereto as Exhibit C.

4.  As of March 2, 2007, when FusionArc served its amended Rule 26 disclosures, it had produced 630 pages of documents, bearing production numbers through FA000630. Based on my inspection of those documents, I know that FA000001-311 are patent file history documents; FA000347-86 is a "Biometric Market Study" published by International Biometric Group, an affiliate of plaintiff; FA000387-96 are nondisclosure agreements; and FA000397-408 is a copy of the '546 patent. In addition, FusionArc's PICs represent that FA000409-560 constitute FusionArc's Patent Local Rule 3-2(c) production of the official "copy of the file history for each patent in suit," and FA000631-37 constitute FusionArc's Patent Local Rule 3-2(b) production of "documents evidencing the conception, reduction to practice, design, and development of each claimed invention." *See* Masur Decl., Ex. A (FusionArc PICs) at 30. True and correct copies of the remaining documents produced by FusionArc, which were produced as FA000312-46 and FA000561-630, are attached hereto as Exhibits D and E, respectively.

5.  A true and correct copy of my March 5, 2007 letter to counsel for FusionArc is attached hereto as Exhibit F. A true and correct copy of counsel for FusionArc's March 6, 2007 responsive letter is attached hereto as Exhibit G.

6.  On or about March 7, 2007, my colleague Brandon Baum and I participated in a meet and confer teleconference with Michael Dergosits and Philip Borowsky, counsel for FusionArc. Counsel for FusionArc did not raise or dispute Solidus' assertion that FusionArc had based its infringement contentions largely or entirely on marketing materials. Counsel for

1 FusionArc did not claim that it had performed the required reverse engineering or its equivalent,
2 nor did they claim that reverse engineering would not provide more detail regarding any
3 potential infringement.  At the end of the relevant portion of our discussion, counsel for
4 FusionArc refused to amend its PICs.
5     I declare under penalty of perjury under the laws of the United States of America that the
6 foregoing is true and correct.
7     Executed this 14th day of March, 2007, in Palo Alto, California.

                                   */s/*
                               Joshua M. Masur