**\*E-FILED 4/5/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FUSIONARC, INC., | NO. C 06-06760 RMW (RS) |
| Plaintiff, | **ORDER DENYING MOTION TO STRIKE** |
| v. | |
| SOLIDUS NETWORKS, INC., | |
| Defendant. | |

## I. INTRODUCTION

In this patent infringement action, defendant Solidus Networks, Inc. moves to "strike" the "Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions" ("PICs") served by plaintiff FusionArc pursuant to Patent Local Rule 3-1. Case precedent recognizes such "motions to strike" as requests that plaintiffs be compelled to *amend* their preliminary contentions to provide additional information. Here, however, the record demonstrates that FusionArc's PICs reasonably disclose all of the information it presently possesses. Solidus's contention that the PICs reveal that FusionArc did not conduct the pre-litigation investigation required under Rule 11 of the Federal Rules of Civil Procedure and pertinent case law is an issue to be presented, if at all, to the presiding judge at the appropriate stage of the proceedings; it is not a basis to strike the PICs nor to require FusionArc to amend those contentions by providing information that it simply does not possess. Accordingly, the motion to strike will be denied.

## II. BACKGROUND

1

1    FusionArc alleges infringement of U.S. Patent No. 6,928,546, entitled "Identity Verification
2 Method Using a Central Biometric Authority." FusionArc describes the patent as claiming methods
3 and systems for conducting secure commercial transactions "such as payment at the supermarket"
4 using consumers' "biometric information (e.g., fingerprints or eye scans)" in lieu of traditional
5 "tokens" such as credit cards. According to FusionArc, the patent contemplates a "trusted third
6 party" acting as a "central biometric authority" to store and process the biometric information of
7 consumers, and to verify to merchants that a consumer is entitled to use specific accounts to pay for
8 transactions.

9    FusionArc accuses two services offered by Solidus of infringing the '546 patent. First,
10 Solidus allegedly operates "Pay By Touch," which purportedly allows consumers to pay for
11 purchases using a finger scan at the point of sale, Second, FusionArc asserts that Solidus offers a
12 service known as "TrueMe," which allows consumers to authenticate their identities to internet
13 websites by swiping their fingers across sensors built into or connected to their personal computers.

14    Pursuant to Patent Local Rule 3-1, FusionArc served its PICs setting out the claims of the
15 patent it contends each of Solidus's services infringes, and generally identifying the aspects of
16 Solidus's systems that it believes give rise to the infringement. In many cases, however, the PICs
17 identify the hardware or software used in Solidus's systems only in broad terms, and in some
18 instances (particularly in the case of dependent claims in the patent) the PICs expressly state that
19 discovery from Solidus or third parties will be necessary for FusionArc to determine how (or even
20 if) there is infringement. There is no dispute that FusionArc brought this case and prepared its PICs
21 based primarily on an analysis of Solidus's marketing materials and similar descriptions of how its
22 systems operate and *not* on any process of "reverse engineering" or similar process to determine
23 how the accused systems operate.

## III. DISCUSSION

26    Solidus devotes a substantial portion of its briefing to an attempt to show that FusionArc did
27 not engage in an adequate investigation prior to bringing this action and that its PICs effectively
28 concede that point. As Solidus acknowledges, however, the merits of that argument are not properly

before the Court at this juncture.  See Opening Brief at p. 4, n. 2 (citing *Network Caching Tech,, LLC v. Novell Inc.*, 2003 WL 21699799, *7 (N.D. Cal. 2003) ("*Network II*") for the proposition that under Ninth Circuit precedent, a determination that a filing was "objectively baseless" cannot "practicably be made prior to an adjudication on the merits.")

Solidus contends the point is nonetheless relevant because "the standard of FRCP 11 prefiling inquiry establishes a minimum level of detail that Patent LR 3-1 requires." *Network Caching Tech,, LLC v. Novell Inc.*, 2002 WL 32126128, *4 (N.D. Cal. 2002) ("*Network I*").  Thus, Solidus contends, if FusionArc's prefiling investigation was deficient, then its PICs necessarily lack the level of detail required by Rule 3-1.

Even were that so, it would not follow that FusionArc's PICs must be "stricken" or that FusionArc can or should be compelled to amend them, and nothing in either of the *Network* decisions suggests otherwise.  As explained in *Network I*, Rule 3-1 provides for a "streamlined" mechanism to replace the "series of interrogatories that defendants would likely have propounded" in its absence. 2002 WL 32126128 at *4.  As such, Rule 3-1 and the other Patent Local Rules, "provide structure to discovery and enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F.Supp.2d 558, 560 (E.D.Tex.2005) (applying local rules modeled on those of this District and citing *Network II*).  While the Rules are thereby intended to hasten resolution on the merits, they are *not*, as Solidus appears to be attempting to enforce them, a mechanism for resolving the *merits* of the parties' dispute.

In *Network I*, the court expressly noted the "core argument" underlying the defendants' "motions to strike" the plaintiff's Rule 3-1 disclosures was defendants' claim (identical to the argument of Solidus here) that the PICs demonstrated that plaintiff "did not perform the inquiry necessary" under Rule 11 before bringing suit. 2002 WL 32126128 at *3.  The court *rejected* the defendants' suggestion that the complaint was subject to dismissal based on the alleged failure to comply with Rule 11 or Local Patent Rule 3-1.  Here, Solidus stops short of urging dismissal *per se*, but by asking that FusionArc's contentions be "stricken" and that FusionArc be precluded from serving amended contentions absent a showing of "good cause," Solidus appears to be reaching for a

3

1 similar result.

2 That said, *Network I* and other cases do show that courts will treat a "motion to strike" preliminary contentions as a motion to compel the plaintiff to *amend* them to provide additional information, where appropriate. *See Network I*, 2002 WL 32126128 at *7 ("The court strikes [plaintiff's] second revised preliminary contentions and requires [plaintiff] to provide revised preliminary contentions that conform with the requirements of Patent LR 3-1 as discussed in this order."); see also *Renesas Technology Corp. v. Nanya Technology Corp*., 2004 WL 2095698, *1 (N.D.Cal. 2004) (order of presiding judge referring motion to strike preliminary contentions to assigned magistrate judge, "[b]ecause the primary relief Defendants seek is an order compelling Plaintiff to provide adequate disclosures."). As a motion to compel amendment of the PICs, however, it fails because FusionArc has adequately established it has provided all of the information in its possesion as to how and why it believes Solidus's services infringe the '546 patent. Unlike the circumstances in *Network I*, it does not appear that FusionArc has failed to "link" its contentions regarding Solidus's accused systems to the claims of the patent; to the contrary, FusionArc has disclosed, to the extent of its present knowledge, where it believes the infringement lies.[1] As the court impliedly recognized in *Network II*, a plaintiff may satisfy its obligations under Rule 3-1 whether or not it conducted an pre-filing investigation sufficient to comply with Rule 11. *See* 2003 WL 21699799 at *7 (finding plaintiff in compliance with Rule 3-1 despite "preposterous" failure to conduct adequate pre-filing investigation.); *see also*, *American Video Graphics, supra,* 359 F.Supp.2d at 560 (finding preliminary contentions sufficient where "defendants' sole possession of the information plaintiffs need" precluded greater specificity.).

22 In short, FusionArc either conducted a pre-filing investigation that comported with Rule 11 or it did not; the Court does not presume to prejudge that issue. Even assuming it did not, however, it cannot now be required as practical or legal matter somehow to articulate *post-hoc* facts it does not possess to amend its PICs.

---

[1] Solidus argues that the FusionArc failed to comply with the requirement of Rule 11 that any allegation made on the belief that it likely would "have evidentiary support after a reasonable opportunity for further investigation or discovery" must be "specifically so identified." As with Solidus's other arguments about Rule 11, this presents an issue to be resolved as a later time, if ever.

4

Finally, Solidus suggests that the claimed deficiencies in the PICs will cause it undue prejudice in complying with its obligations under Local Patent Rule 3-4 to produce "documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart." Solidus argues that under a strict reading of the rules, it is now obligated to produce documents that would show such details as how the "cooling fan" operates in a server under the control of a third party. The phrase "any aspect or elements of an Accused Instrumentality" is broad, but it does not require parties to abandon common sense, nor does it expand the definition of "relevance" beyond that provided in Rule 26 of the Federal Rules of Civil Procedure. Nothing in the PICs suggests that FusionArc believes the operational details of cooling fans or similar matters have any bearing on whether or not Solidus's technology infringes the claims of the patent. Additionally, to the extent that FusionArc has identified *no* aspect of defendants' systems as infringing a particular claim, the result is not, as Solidus appears to be arguing, that it must produce unlimited documents. Rather, it likely will need to produce no documents at all under Rule 3-4 with respect to any such claim. Rule 3-4 requires only production of documents sufficient to show the operation of defendant's systems "*identified*" in the Rule 3-1 disclosures. Therefore, to the extent that Solidus contends that FusionArc has failed to "identify" aspects of the "Accused Instrumentality" that infringe the patent, Solidus would have no basis to complain. The Court expects that in the event there is any uncertainty as to what materials may be relevant in light of the PICs, the parties will meet and confer to resolve such questions without further court intervention.

## IV. CONCLUSION

Solidus's motion to strike is denied.

IT IS SO ORDERED.

Dated: 4/5/07

RICHARD SEEBORG
United States Magistrate Judge