MAYER, BROWN, ROWE & MAW LLP
BRANDON BAUM (SBN 121318)
W. JOSEPH MELNIK (admitted *pro hac vice*)
JOSHUA M. MASUR (SBN 203510)
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060
Email: jmelnik@mayerbrownrowe.com
bbaum@mayerbrownrowe.com
jmasur@mayerbrownrowe.com

Attorneys For Defendant
SOLIDUS NETWORKS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT**

**SAN JOSE DIVISION**

| | |
|---|---|
| FUSIONARC, INC., a Delaware corporation,<br><br>Plaintiff<br><br>v.<br><br>SOLIDUS NETWORKS, INC., a Delaware corporation doing business in California as PAY BY TOUCH<br><br>Defendant. | Case No. C06-CV-06760 RMW (RS)<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant, Solidus Networks, Inc. d/b/a "Pay By Touch" ("Solidus") hereby states as follows for its Answer, Affirmative Defenses, and Counterclaims to the First Amended and Supplemental Complaint for Patent Infringement ("Answer" to the "Complaint"), which Complaint was filed on August 6, 2007 (docket no. 48):

1. Solidus admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2. Solidus admits that venue is proper in this Court under the provisions of 28 U.S.C. §§ (b), 1391(c), and 1400(b).

3. Solidus admits that this is a patent infringement action subject to district wide assignment under Civ. L.R. 3-2(c). Solidus denies that the events stated in FusionArc's complaint gives rise to any cause of action.

4. Solidus admits that the United States Patent Office ("Patent Office") issued Patent No. 6,928,546 (the "'546 Patent") on August 9, 2005, and that Exhibit A to the Complaint appears to be a true and correct copy of the '546 Patent. Solidus is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 4, and on that ground denies each and every remaining averment.

5. Solidus admits that the Patent Office issued Patent No. 7,246,244 (the "'244 Patent") on July 17, 2007, that Exhibit B to the Complaint appears to be a true and correct copy of the '244 Patent, and that the '244 Patent purports to be a continuation of U.S. patent application No. 09/311,928 (the "'928 Application"), filed on May 14, 1999, now the '546 Patent. Except as expressly so admitted, Solidus is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5, and on that ground denies each and every remaining averment.

6. Solidus is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6, and on that ground denies each and every averment.

7. Solidus admits that it is a Delaware corporation with a principal place of business at 101 Second Street, Suite 1100, San Francisco, California 94105 and that Solidus has done business in California under the name "Pay By Touch." Solidus denies the remaining averments of paragraph 7.

8. Solidus admits that Samir H. Nanavati and Rajkumar H. Nanavati are listed as the named inventors on the face of the '546 Patent and '244 Patent. Solidus is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 8, and on that ground denies each and every remaining averment.

9. Solidus is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 9, and on that ground denies each and every averment.

10. Solidus admits that it received a letter from FusionArc dated October 5, 2006. Solidus denies the remaining averments of paragraph 10.

**First Cause of Action—Patent Infringement Concerning the ’546 Patent**

11. Solidus repeats and incorporates by reference the averments of the preceding paragraphs, as if fully set forth herein.

12. Solidus admits that the Patent Office issued the ’546 Patent on August 9, 2005. Solidus is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 12, and on that ground denies each and every remaining averment.

13. The averments of paragraph 13 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 13.

14. The averments of paragraph 14 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 14.

15. The averments of paragraph 15 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 15.

16. The averments of paragraph 16 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 16.

17. The averments of paragraph 17 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 17.

**Second Cause of Action—Patent Infringement Concerning the ’244 Patent**

18. Solidus repeats and incorporates by reference the averments of the preceding paragraphs, as if fully set forth herein.

19. Solidus admits that the Patent Office issued the ’244 Patent on July 17, 2007, and that the ‘244 Patent purports to be a continuation of the ‘928 Application, now the ’546 Patent. Solidus is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 19, and on that ground denies each and every remaining averment.

20. The averments of paragraph 20 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 20.

21. The averments of paragraph 21 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 21.

22. The averments of paragraph 22 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 22.

23. The averments of paragraph 23 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 23.

24. The averments of paragraph 24 set forth conclusions of law to which no response is required. To the extent the averments are deemed to be factual, Solidus denies each and every averment of paragraph 24.

**AFFIRMATIVE DEFENSES**

Further answering the Complaint of FusionArc and as additional defenses thereto, Solidus asserts the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

**First Affirmative Defense**

25. Solidus has not infringed, directly or indirectly, any valid claim of the '546 Patent.

**Second Affirmative Defense**

26. The claims of the '546 Patent are invalid for failure to meet one or more of the requirements for patentability set forth in 35 U.S.C. § 100, et seq., including but not limited to §§ 101, 102, 103 and/or 112.

**Third Affirmative Defense**

27. Plaintiff is estopped from asserting the claims of the '546 Patent against Solidus.

**Fourth Affirmative Defense**

28. Solidus has not infringed, directly or indirectly, any valid claim of the '244 Patent.

**Fifth Affirmative Defense**

29. The claims of the '244 Patent are invalid for failure to meet one or more of the requirements for patentability set forth in 35 U.S.C. § 100, et seq., including but not limited to §§ 101, 102, 103 and/or 112.

**Sixth Affirmative Defense**

30. Plaintiff is estopped from asserting the claims of the '244 Patent against Solidus.

**Seventh Affirmative Defense**

31. The purported claims for relief set forth in the Complaint are barred by the doctrine of laches.

**Eighth Affirmative Defense**

32. The damages sought by Plaintiff are barred, in whole or in part, by the failure to comply with the requirements of 35 U.S.C. § 287.

**Ninth Affirmative Defense**

33. Plaintiff has failed to join necessary and indispensable parties.

**Tenth Affirmative Defense**

34. The Complaint fails to state a claim against Solidus upon which relief can be granted.

**Eleventh Affirmative Defense**

35. Each of the claims of the ‘546 Patent are unenforceable due to the inequitable conduct during the prosecution of the ‘928 Application as set forth with respect to the Third Counterclaim for Relief, paragraphs 47 through 59, each of which are incorporated by reference as if fully set forth herein.

**Twelfth Affirmative Defense**

36. Each of the claims of the ‘244 Patent are unenforceable due to the inequitable conduct during the prosecution of the ‘928 Application as set forth with respect to the Third Counterclaim for Relief, paragraphs 47 through 59, and due to the inequitable conduct during the prosecution of U.S. Patent Application 11/153,221 (the “’221 Application”) as set forth with respect to the Sixth Counterclaim for Relief, paragraphs 64 through 74, each of which are incorporated by reference as if fully set forth herein.

**COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Solidus Networks, Inc. d/b/a Pay By Touch (“Solidus”) for its Counterclaims against Plaintiff and Counterclaim Defendant FusionArc, Inc. avers as follows:

**Nature of the Action**

37. This is an action for a declaration of patent non-infringement and patent invalidity under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. and the patent laws of the United States, 35 U.S.C. § 1, et seq.

**The Parties**

38. Solidus is a Delaware corporation with its principal place of business at 101 Second Street, Suite 1100, San Francisco, California 94105.

39. On information and belief, FusionArc is a Delaware corporation, and the owner of U.S. Patent No. 6,928,546 issued on August 9, 2005 (hereinafter "the '546 Patent") entitled "Identification Verification Method Using a Central Biometric Authority."

**Jurisdiction**

40. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1367, 2201 and 2202 and 15 U.S.C. § 1121.

41. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because this suit was filed in this district by Counter-Defendant and Counter-Defendant is found in this district.

42. An immediate, real, and justiciable controversy exists between Solidus and FusionArc with respect to validity and infringement of FusionArc's asserted patent.

**First Counterclaim for Relief**
**(Non-Infringement of the '546 Patent)**

43. Solidus incorporates the averments of the preceding paragraphs, as if fully set forth herein.

44. Solidus has not infringed, either directly or indirectly, any valid and enforceable claim of the '546 Patent.

**Second Counterclaim for Relief**
**(Invalidity of the '546 Patent)**

45. Solidus incorporates the averments of the preceding paragraphs, as if fully set forth herein.

46. Upon information and belief, each claim of the '546 Patent is invalid for non-compliance with the Patent Act, 35 U.S.C. § 101, et seq., including but not limited to 35 U.S.C. § 102 as lacking novelty; 35 U.S.C. § 103 because the differences between the subject matter claimed and the prior art such that the claimed invention would have been obvious, at the time the invention was made, to a person having ordinary skill in the art to which the subject matter pertains; and for failure to comply with the requirements of 35 U.S.C. § 112.

**<u>Third Counterclaim for Relief</u>**
**(Unenforceability of the '546 Patent)**

47. Solidus incorporates the averments of the preceding paragraphs, as if fully set forth herein.

48. Each of the claims of the '546 Patent are unenforceable at least due to inequitable conduct during the prosecution of the '928 Application, during which the named inventors on the '546 patent failed to disclose to the Patent Office all non-cumulative, material prior art of which they were aware.

49. On May 14, 1999, the inventors filed the '928 Application with the Patent Office. The '928 Application claimed priority to a provisional patent application previously filed on May 14, 1998. The '928 Application subsequently issued as the '546 patent.

50. The inventors named in the '928 Application, and each individual associated with the filing and prosecution of the application, had a continuing duty to disclose all information they were aware of that was material to the patentability of the inventions being claimed in the '928 Application and which was not merely cumulative over the prior art already before the Patent Office. The conduct of each person appearing before the Patent Office is governed by 37 C.F.R. § 1.56, which requires that:

> "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section…"

51. More specifically, this duty of candor to the Patent Office was owed by (1) the purported inventors of the '546 patent (Samir H. Nanavati and Rajkumar H. Nanavati), (2) each attorney or agent who prepared or prosecuted the '928 Application, including at least Shahan Islam, Samson Helfgott, Harris Wolin, and Thomas J. Bean, and (3) every person who was substantively involved in the preparation or prosecution of the '928 Application and who was associated with the inventor, with the assignee, or with anyone to whom there is an obligation to assign the application.

52. Upon information and belief, during the prosecution of the ‘928 Application neither the inventors nor any other individual owing a duty of candor under 37 C.F.R. § 1.56 disclosed to the Patent Office any prior art or other information material to the patentability of the claims of ‘928 Application.

53. Upon information and belief, prior to and throughout the prosecution of the ‘928 Application, the inventors were actively involved in the review of available biometric products and systems and, as a result, became knowledgeable of the companies, individuals and intellectual property that exists in the field of biometrically-based transactions. For example, upon information and belief, the inventors are partners in a consulting firm known as International Biometric Group (“IBG”) that has operated in the field of biometrics and has extensively evaluated numerous products and systems in use in the biometrics industry, including but not limited to commercial systems developed by Solidus’ predecessor companies. At least through their role in IBG, the inventors had knowledge of many instances of public use and/or prior art publications, that were material to the patentability of the ‘928 Application and that the inventors were under an obligation to disclose to the Patent Office during the prosecution of the application. The inventors and other individuals associated with the filing and prosecution of the ‘928 Application failed to satisfy this obligation.

54. The inventors were aware during the prosecution of the ‘928 Application that Solidus, and its predecesors-in-interest had developed and publicly used commercial systems and had acquired numerous issued U.S. Patents that were material to the patentability of the inventions claimed in the ‘928 Application (“the Indivos Prior Art”). For example, in 2002, IBG entered into a Mutual Non-Disclosure Agreement with Indivos Corporation, which is now a wholly-owned subsidiary of Solidus. The Mutual Non-Disclosure Agreement was signed by Rajkumar Nanavati on or about March 28, 2002, one of the inventors named in the ‘928 Application, and was for the express purpose of “assessing a mutual business relationship.” Upon information and belief, the inventors named in the ‘928 Application acquired knowledge of Indivos’ systems and commercial products that had been in public use since prior to May 14, 1998 as well as the Indivos Prior Art.

55. In addition, at least as early as July, 2005, the inventors had an in-person meeting with Solidus personnel and were advised and again made aware of the Indivos Prior Art owned by Solidus' subsidiary Indivos Corporation including but not limited to U.S. Patent Nos. 5,613,012, 5,870,723, and 6,366,682. Each of these patents qualified as prior art to the claims of the '928 Application and during the prosecution of the '928 Application would have been, and remain to this day, material to the patentability of such claims.

56. In spite of the inventors' knowledge of the Indivos Prior Art, and the fact that obligations under 37 C.F.R. § 1.56 applied to the inventors throughout the entirety of the prosecution of the '928 Application, at no time was this material brought to the attention of the Patent Office. In fact, neither the inventors nor any of the other persons associated with the filing or prosecution of the '928 Application brought any prior art to the attention of the Patent Office. As a result of this violation of 37 C.F.R. § 1.56, the Patent Office did not have the benefit of these prior art references.

57. Furthermore, the Patent Office examiner ("Examiner") having located U.S. Patent Publication No. 2002/0174067 to Hoffman, et al.(hereinafter "Published Hoffman Application") as a reference on the "Notices of References Cited", PTO Form 892, did not cure the violation of 37 C.F.R. § 1.56. As determined by the Examiner, the '928 Application was examined under the version of 35 U.S.C. 102(e) that was effective prior to the American Inventors Protection Act of 1999 ("AIPA"). As a result, published applications such as the Published Hoffman Application did not qualify as prior art.

58. Because the Published Hoffman Application is not prior art under the pre-AIPA rules, there was no prior art of record in the prosecution of the '928 Application that disclosed any of the Indivos Prior Art of which the inventors had knowledge of various points in time during the prosecution of the '928 Application.

59. The inventors did not satisfy their duty to disclose all information of which they were aware, and that was more material than, and not merely cumulative over, the prior art already before the Patent Office and therefore breached their duty to disclose under 37 C.F.R.

§ 1.56. As a result of this breach of the duty, each of the claims of the ‘546 patent are unenforceable.

**Fourth Counterclaim for Relief**
**(Non-Infringement of the ‘244 Patent)**

60. Solidus incorporates the averments of the preceding paragraphs, as if fully set forth herein.

61. Solidus has not infringed, either directly or indirectly, any valid and enforceable claim of the ‘244 Patent.

**Fifth Counterclaim for Relief**
**(Invalidity of the ‘244 Patent)**

62. Solidus incorporates the averments of the preceding paragraphs, as if fully set forth herein.

63. Upon information and belief, each claim of the ‘244 Patent is invalid for non-compliance with the Patent Act, 35 U.S.C. § 101, et seq., including but not limited to 35 U.S.C. § 102 as lacking novelty; 35 U.S.C. § 103 because the differences between the subject matter claimed and the prior art such that the claimed invention would have been obvious, at the time the invention was made, to a person having ordinary skill in the art to which the subject matter pertains; and for failure to comply with the requirements of 35 U.S.C. § 112.

**Sixth Counterclaim for Relief**
**(Unenforceability of the ‘244 Patent)**

64. Solidus incorporates the averments of the preceding paragraphs, as if fully set forth herein.

65. The ‘244 patent is unenforceable for at least the reasons set forth in the Third Counterclaim for Relief, paragraphs 47 through 59 above, because the inequitable conduct in the prosecution of the ‘928 Application renders unenforceable all claims that issue based on the ’221 Application, which is styled as a continuation of the ‘928 Application.

66. The ‘244 patent also is unenforceable for inequitable conduct in its subsequent prosecution, including at least its delayed and selective disclosure of documents and information relating to this litigation.

67. Section 2001.06(c) of the Manual of Patent Examining Procedure (8th Ed., Rev. 3, 2005) ("MPEP") provides, in relevant part:

> Where the subject matter for which a patent is being sought is or has been involved in litigation, the existence of such litigation and any other material information arising therefrom must be brought to the attention of the U.S. Patent and Trademark Office. Examples of such material information include evidence of possible prior public use or sales, questions of inventorship, prior art, allegations of "fraud," "inequitable conduct," and "violation of duty of disclosure."… Such information might arise during litigation in, for example, pleadings, admissions, discovery including interrogatories, depositions, and other documents and testimony.

68. For purposes of the '221 Application and the '244 Patent, the instant action constitutes litigation involving "the subject matter for which [the] patent [was] being sought" within the meaning of MPEP § 2001.06(c).

69. On December 21, 2006, Solidus filed its Amended Answer, Affirmative Defenses, and Counterclaims in this litigation. The Ninth Affirmative Defense in that Answer set forth inequitable conduct allegations in substantially the form set forth in Solidus' current Third Counter Claim for Relief, paragraphs 35 through 59 above. These allegations constituted "material information includ[ing] … allegations of 'fraud,' 'inequitable conduct,' and 'violation of duty of disclosure'" which "ar[o]se during litigation in, for example, pleadings," within the meaning of MPEP § 2001.06(c). At no time during the prosecution of the '221 Application and the '244 Patent were these allegations "brought to the attention of the U.S. Patent and Trademark Office," as required by MPEP § 2001.06(c).

70. On April 16, 2007, Solidus served its Patent Local Rule 3-3 and 3-4 Disclosures (the "Disclosures") on FusionArc. As required by Patent Local Rule 3-3(a) and Patent Local Rule 3-4(b), those Disclosures identified and produced 18 individual patents and other asserted prior art publications, along with certain additional related documentation. As required by Patent Local Rule 3-3(c), those Disclosures also included 18 individual claim "chart[s] identifying where specifically in each alleged item of prior art each element of each asserted claim is found," with citations to specific pages within the hundreds of pages of documents that disclosed each element in question. As required by Patent Local Rule 3-3(d), those Disclosures also identified

"grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1)."

71. On or about May 8, 2007, the purported inventors of the '244 patent (Samir H. Nanavati and Rajkumar H. Nanavati) filed an Information Disclosure Statement for the '221 Application (the "May 2007 IDS"). The May 2007 IDS brought the instant litigation to the attention of the examiner for the first time, notwithstanding that MPEP § 2001.06(c) required disclosure of the instant litigation, which already had been pending for over six months, during which period the purported inventors had made several filings in support of the '221 Application.

72. The May 2007 IDS also provided to the examiner the prior art identified by Solidus's Patent Local Rule 3-3 and 3-4 Disclosures. However, the May 2007 IDS falsely characterized those references as "part of the accused defendant's claim construction contentions," rather than as invalidity contentions. The May 2007 IDS expressly states that the applicants intentionally withheld Solidus's Patent Local Rule 3-3(c) claim "chart[s] identifying where specifically in each alleged item of prior art each element of each asserted claim is found." Nor was the information in those charts otherwise conveyed to the examiner. For example, the May 2007 IDS left blank the spaces provided for the applicant to identify "Pages, Columns, Lines where Relevant Passages or Relevant Figures Appear," notwithstanding that those relevant passages and figures were clearly identified by Solidus's Patent Local Rule 3-3(c) claim charts. The information contained in Solidus' Patent Local Rule 3-3(c) claim charts constituted "material information includ[ing] evidence of possible prior public use or sales" which "ar[o]se during litigation in, for example, pleadings, … discovery…, and other documents" within the meaning of MPEP § 2001.06(c). At no time during the prosecution of the '221 Application and the '244 Patent were these charts or the information contained therein "brought to the attention of the U.S. Patent and Trademark Office," as required by MPEP § 2001.06(c); instead, the May 2007 IDS expressly states that the charts were intentionally withheld by the inventors and/or their attorneys.

73. The additional grounds for invalidity identified by Solidus under Patent Local Rule 3-3(d) also was noncumulative material information which "ar[o]se during litigation in, for

example, pleadings, … discovery…, and other documents," within the meaning of MPEP § 2001.06(c). At no time during the prosecution of the '221 Application and the '244 Patent were the additional grounds for invalidity identified by Solidus under Patent Local Rule 3-3(d) or the information contained therein "brought to the attention of the U.S. Patent and Trademark Office," as required by MPEP § 2001.06(c); instead, the May 2007 IDS expressly states that Solidus' disclosures were intentionally withheld by the inventors and/or their attorneys.

74. The inventors did not satisfy their duty to disclose all information – including information that MPEP § 2001.06(c) expressly required them to disclose – of which they were aware, and that was more material than, and not merely cumulative over, the information already before the Patent Office, and therefore breached their duty to disclose under 37 C.F.R. § 1.56. As a result of this breach of the duty, each of the claims of the '244 patent are unenforceable.

**PRAYER FOR RELIEF**

Wherefore, Solidus prays for entry of judgment:

(1) dismissing FusionArc's Complaint with prejudice;

(2) ordering that FusionArc take nothing by way of its Complaint;

(3) declaring that the '546 Patent has not been infringed by Solidus;

(4) declaring that each claim of the '546 Patent is invalid;

(5) declaring that each claim of the '546 Patent is unenforceable;

(3) declaring that the '244 Patent has not been infringed by Solidus;

(4) declaring that each claim of the '244 Patent is invalid;

(5) declaring that each claim of the '244 Patent is unenforceable; and

(6) declaring that this case is exceptional pursuant to 35 U.S.C. § 285, and awarding Solidus its reasonable attorneys' fees, expenses and costs incurred in this action.

Dated: August 23, 2007

MAYER, BROWN, ROWE & MAW LLP

By: /s/
Brandon Baum

Attorneys for Defendant
SOLIDUS NETWORKS, INC.

**DEMAND FOR JURY TRIAL**

Defendant and Counterclaimant Solidus Networks, Inc. hereby demands a trial by jury of all claims so triable.

Dated: August 23, 2007

MAYER, BROWN, ROWE & MAW LLP

By: /s/
Brandon Baum

Attorneys for Defendant
SOLIDUS NETWORKS, INC.

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B), the filer hereby attests that the signatory's concurrence in the filing of this document has been obtained.*